THORNBURG, Judge.
 

 On 5 January 1998, defendant was indicted for first degree murder. On 22 April 1999, defendant entered an
 
 Alford
 
 plea of guilty to second degree murder pursuant to a plea agreement with the State. At the sentencing hearing, the trial court found that defendant had 10 prior record level points and sentenced him as a Class B2, Level IV felon to a term of 216 to 269 months' imprisonment. On 19 April 2002, this Court allowed defendant's petition for writ of certiorari. In allowing defendant's petition, the Court specifically limited the appeal "to those issues that could have been raised on direct appeal pursuant to [G.S.] 15A-1444(a2)." Defendant first argues that the trial court erred in accepting his guilty plea without first complying with all the statutory requirements for accepting a guilty plea under N.C. Gen. Stat. § 15A-1022. This argument is outside the scope of N.C. Gen. Stat. § 15A-1444(a2), which grants to defendants who pled guilty the right to appeal specific sentencing issues. Therefore, this assignment of error and argument is outside the scope of this Court's 19 April 2002 order allowing defendant's petition for writ of certiorari. Accordingly, we dismiss defendant's assignment of error.
 

 Defendant next argues that the trial court erred in finding that defendant had attained a prior record level of IV. Defendant argues that the State failed to prove the existence of the convictions listed in his prior record level worksheet. We agree.
 

 N.C. Gen. Stat. § 15A-1340.14 provides that the State bears the burden of proving by the preponderance of the evidence that "a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2003). A defendant's prior convictions may be proven by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 Id. See also State v. Riley,
 

 159 N.C. App. 546
 
 , 556,
 
 583 S.E.2d 379
 
 , 386 (2003).
 

 In the instant case, the State presented no evidence in accordance with the above statute. The State's only evidence was the prior record level worksheet filled out by the prosecutor and unsupported statements that defendant had a prior record level of IV. A statement by the State that an offender has ten points, and thus is a record level IV, if only supported by a prior record level worksheet, "is not sufficient to meet the catchall provision found in N.C.G.S. § 15A-1340.14(f)(4), even if uncontested by defendant."
 
 Riley,
 

 159 N.C. App. at 557
 
 ,
 
 583 S.E.2d at 387
 
 (internal citations omitted). Accordingly, we remand for a resentencing hearing.
 

 No error at trial; remanded for resentencing.
 

 Judges HUDSON and McCULLOUGH concur.
 

 Report per Rule 30(e).